IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. *18 cr 20* |
| | ) | |
| v. | ) | (15 U.S.C. §§ 78j(b) and 78ff(a), |
| | ) | 17 C.F.R. § 240.10b-5, |
| | ) | 18 U.S.C. § 1343, and |
| | ) | 26 U.S.C. § 7206(1)) |
| DOUGLAS P. SIMANSKI | ) | |

## INFORMATION

The United States Attorney charges:

## INTRODUCTION

At all times material to this Information:

1.  The antifraud provisions of the federal securities laws, including Section 10b of the Securities Exchange Act of 1934, codified at Title 15, United States Code, Section 78j(b), and Rule 10b-5 thereunder, codified at Title 17, Code of Federal Regulations, Section 240.10b-5, prohibit fraudulent activities in connection with the buying and selling of securities.

2.  NEXT Financial Group, Inc. ("NEXT"), was a brokerage and investment advisor firm that sold securities and whose main office was located in Houston, Texas.

3.  A brokerage firm, also called a broker-dealer, is in the business of buying and selling securities – stocks, bonds, mutual funds, and certain other investment products – on behalf of its customer (as broker), for its own bank (dealer), or both.

4.  An investment adviser is paid for providing advice about securities to clients, managing investment portfolios for clients, or offering financial planning services to clients.

5.  The defendant, DOUGLAS P. SIMANSKI, was a registered representative of NEXT, and worked from the NEXT Office in Altoona, Pennsylvania. As an employee of NEXT,

SIMANSKI was contracted to offer to his clients only investment products and securities through NEXT.

6.   Investments offered and sold by defendant, DOUGLAS P. SIMANSKI, were securities as defined by the Securities Exchange Act of 1934.

7.   The defendant, DOUGLAS P. SIMANSKI, had complete control over the funds received from the investors and made decisions concerning the use of those funds without the knowledge or participation of any of the investors.

## THE SCHEME TO DEFRAUD

8.   From in and around February 2002, and continuing thereafter to in and around May 2016, in the Western District of Pennsylvania, and elsewhere, the defendant, DOUGLAS P. SIMANSKI, did knowingly and willfully and with the intent to defraud, by the use of means and instrumentalities of interstate commerce and of the mails, directly and indirectly used and employed manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, that is, through "Tax Free Investment" contracts, did (a) employ a device, scheme, and artifice to defraud, (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon others in connection with the purchase and sale of said securities, in that, when obtaining at least $4.5 million from investors, he falsely told the investors the funds would be invested in various securities with a specific rate of return when, in truth and in fact, as defendant, DOUGLAS P. SIMANSKI, well knew and believed the pretenses, representations and promises were false and fraudulent when made.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

9. From in and around February 2002, to in and around May 2016, the defendant, DOUGLAS P. SIMANSKI, solicited approximately 31 clients, whom he met through his employment as a financial advisor with NEXT, to participate in various investment opportunities directly with him.

10. The defendant, DOUGLAS P. SIMANSKI, told the clients he could offer higher rates of return on investment opportunities and securities than available through NEXT.

11. Among the investors solicited was a number of elderly and/or retired clients whom he encouraged and solicited to invest their retirement funds and accounts with him.

12. The defendant, DOUGLAS P. SIMANSKI, fabricated documents such as "Tax Free Investment" contracts and "CDs" and presented the documents to investors. The fabricated documents served as a receipt to the investors and also detailed guaranteed rates of return and payout, and described the nature of the specific investment, such as a "Payless Car Rental Bond" or "coal mine." None of the contracts or other security instruments used by the defendant, DOUGLAS P. SIMANSKI, was registered with either the United States Securities and Exchange Commission or with the Commonwealth of Pennsylvania.

13. The defendant, DOUGLAS P. SIMANSKI, in truth and in fact, deposited, via electronic transfer and the United States mail, the client funds into an E*Trade account he established in his wife's name. Funds were also deposited and electronically transferred to a personal account over which the defendant, DOUGLAS P. SIMANSKI, had signatory authority.

14. The defendant, DOUGLAS P. SIMANSKI, used the invested funds to repay other investors to make it appear their investments were legitimate, and to pay for various personal expenses.

15. The defendant, DOUGLAS P. SIMANSKI, made untrue statements of a material fact to the investors, and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in that he advised the investors their funds would be used for investment purposes and invested in various securities when, in truth and in fact, he used the diverted funds for personal expenses, home improvement projects, and to pay other investors a portion of their guaranteed return.

16. From on or about March 1, 2010, to on or about October 9, 2015, in the Western District of Pennsylvania, and elsewhere, the defendant, DOUGLAS P. SIMANSKI, did knowingly and willfully and with the intent to defraud, by the use of means and instrumentalities of interstate commerce and of the mails, directly and indirectly used and employed manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, that is, through "Tax Free Investment" contracts and "CDs" did (a) employ a device, scheme, and artifice to defraud, (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon others in connection with the purchase and sale of said securities, in that, when obtaining a total of $286,200 from Investor W.T. on seven different occasions during this period, including the cash surrender value of a life insurance policy for the terminally ill wife of Investor W.T., falsely told Investor W.T. the money would be used to purchase various securities when, in

fact, the defendant, DOUGLAS P. SIMANSKI, intended to use convert the money to be used for his personal expenses.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## COUNT TWO

The United States Attorney further charges:

From in and around February 2002, and continuing thereafter to in and around May 2016, in the Western District of Pennsylvania, and elsewhere, the defendant, DOUGLAS P. SIMANSKI, did knowingly and willfully, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, to wit, the sum of approximately $4,584,700.00 from various individuals by means of false and fraudulent pretenses, representations, and promises, well knowing the pretenses, representations and promises were false and fraudulent when made, and for the purpose of executing and attempting to execute the scheme and artifice to defraud did transmit and cause to be transmitted in interstate commerce by means of wire communication, certain signs and signals.

Paragraphs One through Seven are incorporated by reference as though fully set forth herein.

It was part of the scheme and artifice to defraud that in February 2002, DOUGLAS P. SIMANSKI, as an employee of NEXT, began soliciting individual investors he met through NEXT, a number of whom were elderly and/or retired, to invest their retirement funds and accounts with him personally rather than through NEXT.

It was further part of the scheme and artifice to defraud that defendant, DOUGLAS P. SIMANSKI, fabricated security documents such as "Tax Free Investment" contracts and "CDs" and presented the fabricated documents to potential investors.

It was further part of the scheme and artifice to defraud that the fabricated documents provided for various guaranteed rates of return, guaranteed payouts, and the nature of the investment, such as a "Payless Car Rental Bond" or a "coal mine."

It was further part of the scheme and artifice to defraud that defendant, DOUGLAS P. SIMANSKI, established an E*Trade account in his wife's name.

It was further part of the scheme and artifice to defraud that defendant, DOUGLAS P. SIMANSKI, deposited the funds received from the investors into the E*Trade account, via electronic wire transfer, without the knowledge of NEXT.

It was further part of the scheme and artifice to defraud that defendant, DOUGLAS P. SIMANSKI, electronically transferred a portion of the funds to a personal account over which he had signatory authority.

It was further part of the scheme and artifice to defraud that defendant, DOUGLAS P. SIMANSKI, returned a portion of the invested funds to various other investors to make it appear their respective investments were legitimate and producing the rate of return promised by DOUGLAS P. SIMANSKI.

It was further part of the scheme and artifice to defraud that defendant, DOUGLAS P. SIMANSKI, converted some of the invested funds to be used for various personal expenses.

On or about January 29, 2014, in the Western District of Pennsylvania, and elsewhere, the defendant, DOUGLAS P. SIMANSKI, for the purpose of executing and attempting to execute the scheme and artifice to defraud did transmit and cause to be transmitted in interstate commerce by means of wire communication, certain signs and signals, that is the defendant, DOUGLAS P. SIMANSKI, caused a check in the amount of $100,000 he received from Investors G.E. and D.E to be electronically processed and deposited with E*Trade.

In violation of Title 18, United States Code, Section 1343.

**COUNT THREE**

The United States Attorney further charges:

On or about October 13, 2013, in the Western District of Pennsylvania and elsewhere, the defendant, DOUGLAS P. SIMANSKI, a resident of Lilly, Cambria County, Pennsylvania, did willfully make, and cause to be made, and subscribe and cause to be subscribed, a U.S. Individual Income Tax Return, Form 1040, for calendar year 2012 which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, and which the defendant, DOUGLAS P. SIMANSKI, did not believe to be true and correct as to every material matter, in that he stated on said Form 1040 that his taxable income for calendar year 2012 was $26,076.00 and that the amount of tax due and owing thereon was the sum of $12,894.00, whereas the defendant, DOUGLAS P. SIMANSKI, then and there well knew and believed, his taxable income for calendar year 2012 was the sum of $533,823.00 upon which said taxable income there was due and owing to the United States of America income tax of $143,082.00.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR

The United States Attorney further charges:

On or about October 9, 2014, in the Western District of Pennsylvania and elsewhere, the defendant, DOUGLAS P. SIMANSKI, a resident of Lilly, Cambria County, Pennsylvania, did willfully make, and cause to be made, and subscribe and cause to be subscribed, a U.S. Individual Income Tax Return, Form 1040, for calendar year 2013 which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, and which the defendant, DOUGLAS P. SIMANSKI, did not believe to be true and correct as to every material matter, in that he stated on said Form 1040 that his taxable income for calendar year 2013 was $5,856.00 and that the amount of tax due and owing thereon was the sum of $10,474.00, whereas the defendant, DOUGLAS P. SIMANSKI, then and there well knew and believed, his taxable income for calendar year 2013 was the sum of $164,068.00 upon which said taxable income there was due and owing to the United States of America income tax of $25,926.00.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE

The United States Attorney further charges:

On or about October 15, 2015, in the Western District of Pennsylvania and elsewhere, the defendant, DOUGLAS P. SIMANSKI, a resident of Lilly, Cambria County, Pennsylvania, did willfully make, and cause to be made, and subscribe and cause to be subscribed, a U.S. Individual Income Tax Return, Form 1040, for calendar year 2014 which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, and which the defendant, DOUGLAS P. SIMANSKI, did not believe to be true and correct as to every material matter, in that he stated on said Form 1040 that his taxable income for calendar year 2014 was ($0) and that the amount of tax due and owing thereon was the sum of $8,055.00, whereas the defendant, DOUGLAS P. SIMANSKI, then and there well knew and believed, his taxable income for calendar year 2014 was the sum of $204,429.00 upon which said taxable income there was due and owing to the United States of America income tax of $38,429.00.

In violation of Title 26, United States Code, Section 7206(1).

SCOTT W. BRADY
United States Attorney
PA ID No. 88352